UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARLA JACKSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-03-1374 |
| § | |
| STERLING BANCSHARES INC., § | |
| AD&D, AND DISABILITY PLAN, *et al*., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This case arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff Marla Jackson claims that Defendants Sterling Bancshares, Inc. Life AD&D Disability Plan (the "Plan") and The Prudential Insurance Company of America ("Prudential") violated ERISA by denying Jackson long-term disability benefits. Defendants contend that Jackson was not entitled to such benefits because her disability was caused by a pre-existing condition and therefore is not covered under the Plan's long-term disability policy (the "LTD Policy"). All parties have moved for summary judgment. After considering the parties' filings and the applicable law, the Court finds that the case is not ripe for consideration and therefore **DISMISSES** the claim without prejudice to refiling and remands the claim to the administrator for evaluation.

I.   BACKGROUND

Jackson began working for Sterling Bancshares, Inc. ("Sterling") on February 25, 2002. Sterling provides benefits to all employees who have been employed by the company for more than thirty-one days. On March 26, 2002, Jackson became a participant in Sterling's Employee

Welfare Benefit Plan. She did not receive a copy of the Benefit Plan or a Summary Plan Description (SPD) at that time.

On May 30, 2002, Jackson took a medical leave from work. She filed for and received short-term disability benefits and then, when those benefits were exhausted, applied for long-term disability benefits. Prudential, the Claims Administrator of the LTD Policy, denied the application. Jackson appealed that decision, and Prudential confirmed the denial of benefits on the ground that Jackson's disability fell under the LTD Policy's pre-existing condition exclusion.

Jackson then filed this suit, seeking recovery of long-term benefits under the LTD Policy and a determination of her entitlement to future benefits. She alleges that both the LTD Plan itself and Prudential, its Administrator, are liable for the wrongful denial of benefits. All parties have moved for summary judgment.

## II.     ANALYSIS

### A.     Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th

Cir. 2000).  This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Id*.  Here, no party contends that any factual issue is in dispute.  All have moved for summary judgment, contending that the Court's sole task is to make a legal determination whether Prudential's decision to deny Jackson LTD benefits was impermissible.

### B.  Ripeness of the ERISA Claim

"[I]t is not the court's function *ab initio* to apply the correct standard to [the participant's] claim.  That function . . . is reserved to the Plan administrator."  *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 398 (5th Cir. 1998) (internal quotation marks omitted).  Jackson's claim is based upon evidence and argument that she did not present to the administrator--namely, evidence that the SPD does not include the pre-existing condition exclusion and argument that the exclusion therefore does not apply.  Moreover, Jackson seeks not only benefits allegedly owed to her by Prudential but also a determination of her entitlement to future benefits.  The Court declines to "stand ERISA on its head" by "bypassing the procedures provided by the statute for making benefits decisions in favor of making the initial benefits decision" itself.  *Id.*  Instead, as directed by *Schadler*, the Court remands Jackson' claim to the administrator for consideration in the first instance.  Jackson's claim is therefore **DISMISSED** without prejudice to refiling after evaluation by the administrator.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 16th day of September, 2005.

*[signature: Keith P. Ellison]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.**